UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ENVIRONMENTAL MATERIALS, INC.** | **CIVIL ACTION NO. 14-cv-00863** |
| v. | SECTION "C" |
| **DUAL TRUCKING AND TRANSPORT, LLC** | HON. HELEN BERRIGAN |

## Order and Reasons

Before the Court is plaintiff's Motion for Summary Judgment and defendant's Memorandum in Opposition. Rec. Docs. 9, 16. For the reasons discussed herein, the Court GRANTS IN PART and DENIES IN PART the Motion for Summary Judgment.

This action arises out of a dispute over the payment of invoices for waste management products and services. According to plaintiff, it provided waste management products and services to defendant from March 2013 until September 2013 under an open account. Rec. Doc. 9-3 at 1. Plaintiff claims that during this time, it provided regular invoices to defendant, and that defendant never challenged the amounts contained in the invoices. *Id*. at 2 On December 3, 2013, plaintiff sent a letter to defendant demanding payment of $499,879.65, which it claims is the principal balance owed by defendant. *Id*. Plaintiff now brings the instant lawsuit pursuant LA-R.S. 9:2781 for payment of this amount, as well as reasonable attorney's fees. Rec. Doc. 9-2 at 3.

In its response, defendant disputes only the amount that plaintiff claims is owed as the principal balance. Instead of $499,879.65, defendant argues that the actual balance is $468,492.27, attaching an affidavit by its accounts manager and a ledger of all transactions between plaintiff and defendant as proof. Rec. Doc. 16-2.

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of '[discovery], together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). Once the initial burden is met, the nonmoving party must "designate specific facts showing there is a genuine issue for trial" using evidence cognizable under Rule 56. *Id.* at 324, 106 S. Ct. at 2253. When reviewing a motion for summary judgment, a court must view the evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Daniels v. City of Arlington, Texas*, 246 F.3d 500, 502 (5th Cir. 2001). Summary judgment does not allow a court to resolve credibility issues or weigh evidence. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

To recover an amount owed on an open account, a plaintiff must first prove the existence of the open account by showing that the record of the account was kept in the course of business and by introducing supporting testimony regarding its accuracy. Once a prima facie case has been established by the plaintiff, the burden shifts to the debtor to prove the inaccuracy of the account or to prove that the debtor is entitled to certain credits. *Louisiana Eggs, Inc. v. Gunter Farms, Inc.*, 844 So.2d 400, 402 (La.App. 1st Cir. 4/2/03). Neither party disputes the existence of an open account that was kept in the course of business, and both parties have provided affidavits and business records as confirmation. Rather, the sole dispute is over whether the outstanding

balance on the account is $499,879.65, as plaintiff argues, or $468,492.27, as defendant attests. Thus, the Court finds that there is no issue of material fact as to defendant owing plaintiff a balance of $468,492.27, and that plaintiff is entitled to summary judgment on this amount. However, viewing the evidence in the light most favorable to defendant, the Court finds that there is a genuine issue over whether the remaining difference of $31,387.38 is owed to plaintiff.

Plaintiff also moves for summary judgment on the issue of attorneys' fees. LA-R.S. 9:2781A provides:

> When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable fees for the prosecution and collection of such claim when judgment on this claim is rendered in favor of the claimant.

Because the principal amount remains in dispute, the Court is unable to determine whether plaintiff "correctly" set forth the amount owed as required by statute. Thus, the Court defers ruling on this matter until after the principal amount owed by defendant has been determined.

Accordingly, IT IS ORDERED that plaintiff's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART. Rec. Doc. 9.

New Orleans, Louisiana, this 2nd day of February, 2015.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE